Donohue, J.
This action arises out of a public construction contract entered into between the plaintiff, John J. Petruzzi-William E. Forrester, Inc. (“Petruzzi-Forrester”), and the defendant, the Massachusetts Turnpike Authority (“MTA”), for rock and earth excavation and the stabilization and construction of boulder walls and ditches. Petruzzi-Forrester claims that it is entitled to (1) additional compensation for time lost as a result of bad weather; (2) payment for certain blasting work beyond that delineated in the contract (“overbreak’j; (3) full payment for the installation of a barrier wall; and (4) payment due for installation of a guard rail. The MTA now moves for summary judgment on the grounds that Petruzzi-Foixester is liable under the contract for any cost incurred for time lost due to bad weather, that Petruzzi-Forrester is precluded from disputing its other claims because it failed to follow the required claim filing procedures set forth in the contract, and that the project engineer’s decisions satisfied G.L.c. 30, §39J standards of review. For the reasons set forth below, summary judgment is allowed as to Petruzzi-Forrester’s claims for additional compensation for lost time due to bad weather, payment due for overbreak, and full payment for the installation of a barrier wall and is denied as to Petruzzi-Forrester’s claim for the contract price owed. on the installation of the guard rail.
BACKGROUND
The following facts are undisputed. On October 30, 1992, Petruzzi-Forrester and the MTA entered into Contract No. 851-426, which'called for the removal of rock and earth, earth slope excavation and stabilization, and the construction of boulder walls and ditches. The contract sets forth procedures for processing independent and general contractors’ claims, including specific requirements for the proper filing of each claim, the MTA engineer’s consideration of and decision on each such claim, and the Authority’s payment of approved claims for compensation. The contract further provides that the engineer’s decisions are final and conclusive.
During its performance of the contract, Petruzzi-Forrester submitted several claims seeking additional compensation under the contract for time lost on account of bad winter weather. The engineer denied those claims. Subsequently, on December 1, 1993, the engineer submitted to Petruzzi-Forrester a final payment estimate, which Petruzzi-Forrester did not accept. Petruzzi-Forrester disputed certain items, contending that (1) the MTA failed to pay for a portion of overbreak; (2) the MTA did not pay the full contract price for the installation of a barrier wall; and (3) the MTA bid out to another contractor the installation of a guard rail which was an item included in Petruzzi-Forrester’s contract with the MTA.[1] The MTA made a final determination as to the disputed items, denying Petruzzi-Forrester’s claims, and conveyed its decision in a letter to Petruzzi-Forrester dated December 13, 1993. Petruzzi-Forrester subsequently filed a complaint against the MTA on March 23, 1994.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the *185 existence of a genuine issue of material fact in order to defeat [the] motion . . .” Pederson, 404 Mass. at 17.
Under public works construction contracts, as in the one at issue here, the engineer frequently possesses the authority to interpret contract terms and to resolve disputes arising from the contract. Fontaine Brothers, Inc. v. Springfield, 35 Mass.App.Ct. 155, 158 (1993). In Benjamin Foster Co. v. Commonwealth, 318 Mass. 190, 209 (1945), the Supreme Judicial Court characterized the role of the engineer in such projects as that of a “quasi arbitrator!] by whose judgment the parties agree in advance to be bound.” The purpose of such a broad grant of authority to the engineer is that “[s]uch is the number of details and construction drawings and specifications that inevitably there are disputes about methods, materials, and the extent of what a contractor is to do and for what the owner is to pay”; and, therefore, “[i]t is important that someone more or less on the spot [be available to] resolve those disputes . . .” Fontaine Bros., Inc., 35 Mass.App.Ct. at 158.[2] A prerequisite to the engineer’s consideration of any contractor claim is that the contractor follow the procedures set forth in the contract which govern filing of claims. Failure to do so forfeits tb<= contractor’s claims. Sutton Corp. v. Metropolitan District Commn, 38 Mass.App.Ct. 764, 767 (1995).
Although Article 28 (Authority of the Engineer) of the subject contract provides that “the determination and decision of the Engineer shall be final and conclusive,” a limited judicial review of such decisions has developed atcommonlaw, see Morgan v. Burlington, 316 Mass. 413, 419-20 (1994); Benjamin Foster Co., 318 Mass. at 208, and was codified in 1961 with the enactment of G.L.c. 30, §39J. Under this statute, decisions of an engineer are final and conclusive unless such decision “is made in bad faith, fraudulently, capriciously, or arbitrarily is unsupported by substantial evidence, or is based upon error of law.” G.L.c. 30, §39J.[3]
The parties dispute whether or not a trial de novo should be afforded in regard to the Superior Court’s review of the engineer’s decision. G.L.c. 30, §39J fails to address that issue. However, prior to the enactment of G.L.c. 30, §39J, the Supreme Judicial Court implied that de novo review exceeds the parameters of its limited review in such cases. Benjamin Foster Co., 318 Mass. at 209 (the Court refused to substitute its judgment for that of the engineer’s because the parties, by contract, entrusted such decisions to the engineer). Accordingly, a trial de novo is unnecessary and inappropriate to review the engineer’s decision in this case; and, therefore, in considering the instant motion, the Court has carefully reviewed the submission of the parties, including affidavits, depositions and contract documents.
I.Additional Compensation for Lost Time Due to Weather Delays
The MTA appropriately denied Petruzzi-Forrester’s claim for additional compensation for time lost as a result of the MTA’s issuance of a number of work cessation orders due to inclement weather. Under Article 71 of the contract (Temporary Suspension of Work), the engineer has the authority to order the suspension of work because of weather unsuitable to the safe movement of traffic. Additionally, under Article 59 (Contractor’s Responsibility for the Work), Petruzzi-Forrester is liable under the contract for any cost incurred due to weather elements. Therefore, despite Petruzzi-Forrester’s allegations that the MTA did not follow industry standards and that the engineer’s suspension of work due to inclement weather was “foolhardy,” the terms of the contract explicitly allowed for such a decision. Moreover, there is no evidence that the engineer’s decision was made “in bad faith, fraudulently, capriciously, or arbitrarily [was] unsupported by substantial evidence, or [was] based upon error of law." G.L.c. 30, §39J.
Accordingly, summary judgment must be allowed on this issue.
II.Overbreak
Petruzzi-Forrester claims that the MTA failed to pay for a portion of excavation, titled “overbreak,” it had completed. However, the MTA asserts that Petruzzi-Forrester forfeited its claim for $ 12,500 in overbreak due to its failure to follow the procedures for filing such a claim set forth in the contract in Article 23A (Changed Condition) required Petruzzi-Forrester to submit a claim before commencing the overbreak in question.
Prior to the excavation in question, the boundaries of the excavation were discussed in a pre-construction conference and delineated in a written agenda submitted to Petruzzi-Forrester at that conference, to wit, “[p]ayment plans of unclassified excavation (Article A2.40 SP-21) shall be at the neat slope lines shown .... No payment shall be made for overbreak beyond the neat lines." The MTA further informed Petruzzi-Forrester, by letter dated December 10, 1992, that Article 23A of the contract applied and that, “if you feel that the earth you are excavating differs substantially from the cross-sections included in our plans, you are reminded that in accordance with Article 23A you must notify us in writing before disturbing the earth in question.” (Emphasis included in original.)
Because Petruzzi-Forrester neglected to submit its claim pursuant to article 23A its claim was properly precluded. “A contractor who fails to adhere to the strict claims provisions of a public works contract forfeits all rights to recovery of damages or extra compensation unless the agency waives compliance therewith or the contractor is excused from compliance.” Sutton Corp. v. Metropolitan District Commn, 38 Mass.App.Ct. 764, 767 (1995). There is no evidence that the MTA waived compliance with Article 23A or excused Petruzzi-Forrester from compliance.
Accordingly, summary judgment on this issue is appropriate.
III.Barrier Wall/Transition Section
Under the contract, Petruzzi-Forrester was required to install a barrier wall. The MTA paid Petruzzi- *186 Forrester less than the contract price for the installation of the barrier wall, citing that the contract called for the installation of a new wall and that Petruzzi-Forrester instead installed a used wall. In its complaint, Petruzzi-Forrester alleged that it is entitled to the full contract price.
The MTA claims that Petruzzi-Fonrester failed to follow the procedures set forth in Article 57 of the contract (Claims of the Contractor), which requires that a contractor file all claims “for compensation other than as provided for in the contract on account of any act of omission ór commission by the Authority or its agents ...” The contract price, however, included compensation for the installation of a barrier wall. Therefore, Article 57, which covers only claims for compensation not provided for in the contract, is inapplicable to this claim.
The barrier wall claim, however, does fall under the engineer’s power of review set forth in Article 28 (Authority of the Engineer), which, in part, provides that “the engineer will decide ... all questions relating to quality, value, and acceptability of materials to be furnished and work provided or to be provided.” The engineer’s authority to evaluate the value of the material provided, in this case the barrier wall, is well within the bounds of Article 28, and the engineer’s decision to deny Petruzzi-Forrester’s claim for compensation for the installation of a barrier wall did not violate the provisions of G.L.c. 30, §39J. Accordingly, the Court will allow summary judgment on this issue.
IV. Guard Rail Installation
Petruzzi-Forrester claims that, prior to installation of the guard rail, some grading of the shoulder was necessary and, that since the grading constituted extra work, it was entitled to additional compensation. The MTA contends that Petruzzi-Forrester failed to satisfy the prerequisites to filing a claim for extra work compensation pursuant to Article 23 (Extra Work). Article 23 provides that in order for the contractor to make a claim for extra work, (1) the engineer must have approved the extra work; (2) the contractor must have begun the extra work; or (3) the contractor must have experienced damage. Petruzzi-Forrester has failed to show that it satisfied any of these prerequisites. Instead, it appears Petruzzi-Forrester only inquired as to an adjustment for extra work, and, at some point, the MTA denied the request in writing and contracted out the work in question to another contractor.
Although Petruzzi-Forrester did not file a claim for extra work as required by Article 23A, the propriety of the engineer’s decision to contract out the installation of a guard rail to another contractor needs to be addressed. The MTA argues that the engineer had the authority to contract out the guard rail work to another contractor under Article 28 of the contract (Authority of the Engineer). The MTA also contends that the engineer’s decision with regard to the guard rail was proper under Article 3 (Interpretation of Estimated Qualities), wherein the MTA reserved the right to “increase, decrease or delete the amount of any or all items of work after bids have been received.”
Although, under Article 28, such decision is “final and conclusive,” a preliminary c. 30, §39J review indicates that a question of fact exists as to whether the engineer’s decision to transfer out the work in question to another contractor was made “in bad faith, fraudulently, capriciously, or arbitrarily [was] unsupported by substantial evidence, or [was] based upon error of law.” G.L.c. 30, §39J. “Although [an engineer’s power to interpret a contract isj broad, it [is] not without rational limits.” Morgan v. Burlington, 316 Mass. 413, 420 (1994). The court in Morgan explained that the engineer’s authority stops short of taking a portion of the work out of the contract and letting it out to bid to another contractor. “There is nothing in the contract that authorized [the engineer] to increase or diminish the work which the plaintiff had undertaken to perform . .. Nowhere in the contract is there any provision authorizing the [engineer] to take this work out from the plaintiff and to award it on bids to another person . . . The [engineer] was acting entirely outside the contract and beyond his jurisdiction in deciding to let the new work out on bids.” Id. at 420. Therefore, a question of fact exists as to whether the engineer’s decision was made “in bad faith, fraudulently, capriciously, or arbitrarily [was] unsupported by substantial evidence, or [was] based upon error of law,” G.L.c. 30, §39J, thus precluding summary judgment on this issue.
ORDER
It is hereby ORDERED that the MTA’s motion for summary judgment as to Petruzzi-Forrester’s claims for (1) additional compensation due to bad weather delays; (2) payment due for overbreak; and (3) payment due for installation of a barrier wall/transition section is ALLOWED, and the MTA’s motion for summary judgment as to Petruzzi-Forrester’s claim for compensation due for the installation of a guard rail is DENIED.

The specific facts involved in each of Petruzzi-Forrester’s claims will be addressed more fully in the Discussion section, infra.

Although Fontaine Brothers, Inc. refers to the authority of an architect, the reasoning behind the Court’s holding is equally applicable to engineers; and the Court notes that the cases utilize “architect” and “engineer” interchangeably.

G.L.c. 30, §39J provides that “Notwithstanding any contrary provision of any contract for the construction, reconstruction, alteration, remodeling, repair or demolition of any public building or public works by the commonwealth, or by any county, city, town, district, board, commission or other public body, when the amount of the contract is more than five thousand dollars in the case of the commonwealth and more than two thousand dollars in the case of any county, city, town, district, board, commission or other public body, a decision by the contracting body or by any administrative board, official or agency, or by any architect or engineer, on a dispute, whether of fact or of law, arising under said contract shall not be final or conclusive if such decision is made in bad faith, fraudulently, capriciously, or arbitrarily is unsupported by substantial evidence, or is based upon error of law.”